UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDY GENE GALLEGOS,<br><br>                    Petitioner,<br><br>     v.<br><br>KEITH HOWARD YORDY,<br><br>                         Respondent. | Case No. 1:15-cv-00316-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Andy Gene Gallegos's Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted. (Dkt. 11.) The Motion is now ripe for adjudication. (*See* Dkt. 13, 14, 15.)[1]

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 8.) Having carefully reviewed the record, including the state court record, the Court finds

---

[1]     Petitioner's unauthorized sur-reply (Dkt. 15) was improperly filed because Petitioner did not seek leave to file a sur-reply. (*See* Initial Review Order, Dkt. 5, at 4 (instructing that "[n]o party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court").) However, the Court has considered the sur-reply, along with all of the documents in the record.

**MEMORANDUM DECISION AND ORDER - 1**

that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

The Court concludes that Petitioner's claims are procedurally defaulted and that Petitioner has not established a legal excuse for the default. Alternatively, Petitioner's claims fail on the merits under de novo review. Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

The facts underlying Petitioner's conviction are known to the parties and will not repeated here except as necessary to explain the Court's decision.

**1.     2006 Charges**

In 2006, Petitioner was originally charged, in the Fifth Judicial District in Cassia County, Idaho, with lewd conduct and attempted lewd conduct. *See State v. Gallegos*, Cassia County Case No. CR-2006-3760. (State's Lodging A-2 at 3-7.) Dr. Brek Pilling was appointed to examine Petitioner for purposes of determining his competency to stand trial. Around the same time, the doctor was treating a young patient who, during the course of mental health treatment, suggested to Dr. Pilling that an unidentified friend of hers had falsely accused the friend's father of sexual abuse. (*Id.*) Believing it was possible that the unidentified friend and the victim in Petitioner's case were the same individual—based on similar facts the doctor had gleaned from his treatment of his patient and from his evaluation of Petitioner—Dr. Pilling informed Petitioner's counsel of the existence of the patient and the fact that she had referred to her unidentified friend, but the doctor did not disclose the patient's identity. The defense then subpoenaed Dr.

**MEMORANDUM DECISION AND ORDER - 2**

Pilling to disclose the patient's identity, and Dr. Pilling filed a motion to quash or for a protective order, relying on the doctor-patient privilege. (*Id.*)

The trial court held an evidentiary hearing at which Dr. Pilling testified. (State's Lodging A-2.) The court initially denied the motion, but later reconsidered its decision and granted Dr. Pilling's motion for protective order. It appears that both Petitioner's counsel and the prosecutor attempted to learn the identity of Dr. Pilling's patient independently of Dr. Pilling. (State's Lodging A-3 at 41-42.)

This earlier case against Petitioner was eventually dismissed without prejudice.

**2.     2007 Charges Resulting in Petitioner's Convictions**

In 2007, the State re-charged Petitioner, this time with two counts of sexual abuse of a child under sixteen years of age and a persistent violator enhancement. It is this re-filed case that is the subject of the instant habeas Petition. Petitioner's counsel subpoenaed Dr. Pilling, again requesting the identity of the doctor's patient. Dr. Pilling filed another motion to quash or for protective order. (State's Lodging A-1 at 98-106.)

The trial court reviewed the transcript of the doctor's testimony at the evidentiary hearing, as well as the other judge's opinions, in the previous case. (State's Lodging A-3 at 50-51.) Following oral argument, the court granted the Dr. Pilling's motion for two reasons. First, the court concluded that it would take a "huge speculative leap" to find a connection between the unidentified patient's statements and the allegations against Petitioner. (*Id.* at 51.) Second, the court determined that if the identity of the patient were disclosed and she were interviewed by the attorneys in the case, the patient would suffer "serious and significant harm" to her mental health (*Id.*) The trial court prohibited the

**MEMORANDUM DECISION AND ORDER - 3**

parties from mentioning Dr. Pilling, his patient, or any statements that patient might have made during the course of her treatment with Dr. Pilling. (State's Lodging A-1 at 135-36.)

The jury convicted Petitioner of the two counts of sexual abuse, and Petitioner pled guilty to the persistent violator enhancement. (State's Lodging H-7 at 1.) Petitioner received a unified sentence of thirty years in prison with ten years fixed on the first count, and a concurrent unified sentence of twenty-five years with ten years fixed on the second count. Petitioner appealed, contending that the trial court abused its discretion in sentencing. (State's Lodging B-1.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-4, B-7.)

## 3.      Collateral Proceedings in State and Federal Court

Several months later, Petitioner filed a federal habeas corpus petition, which was dismissed without prejudice for failure to exhaust. *See Gallegos v. Carlin*, Case No. 3:10-cv-00179-LMB, Dkt. 19. While that federal petition was pending, Petitioner filed a petition for postconviction relief in state court. (State's Lodging C-1 at 1-27.) Petitioner—who was represented by several different counsel at different times—later supplemented his petition with additional issues and submitted three amended petitions. (*Id*. at 81-92, 100-06, 117-24; C-2 at 239-46.) In the operative third amended initial postconviction petition, Petitioner raised numerous claims and sub-claims: First, Petitioner claimed his trial counsel was ineffective in failing (a) to conduct a proper pretrial investigation, (b) to subpoena certain witnesses at a motion hearing, (c) to lay a proper foundation during that motion hearing, (d) to be prepared for trial, or (e) to secure

MEMORANDUM DECISION AND ORDER - 4

a stipulation regarding a psychosexual evaluation. (State's Lodging C-1 at 242-43.)

Second, Petitioner claimed his attorney during his motion for a new trial was ineffective

in failing (a) to research the law regarding polygraphs or (b) to subpoena the polygraph

examiner. (*Id*. at 243-44.) Third, Petitioner claimed that his direct appeal counsel were

ineffective in failing to challenge, on appeal, (a) the trial court's decision not to order Dr.

Pilling to disclose the identity of his patient, (b) the court's denial of Petitioner's motion

to offer evidence under Idaho Rule of Evidence 412, (c) the court's denial of Petitioner's

request for private counsel, (d) the court's decision to permit hearsay evidence, (e) the

court's decision to allow an expert witness to testify, (f) the court's denial of Petitioner's

motion for acquittal, and (g) the prosecutor's statements during closing argument. (*Id*. at

244-45.)

The state district court dismissed the postconviction petition. (State's Lodging C-2

at 402-19.)

Petitioner appealed the dismissal of his initial state postconviction petition.

However, Petitioner, acting pro se, later voluntarily dismissed that appeal. (State's

Lodging at D-5, D-6.)

While his initial postconviction petition was still pending in the state district court,

Petition filed a second petition for postconviction relief, as well as an amended petition,

claiming that the prosecution failed to disclose favorable evidence under *Brady v.*

*Maryland*, 373 U.S. 83 (1963). (State's Lodging E-1 at 21-25, 52-59.) The trial court

dismissed this second postconviction case. (*Id*. at 359-68.) Petitioner appealed, but—as

**MEMORANDUM DECISION AND ORDER - 5**

with the appeal from the dismissal of his first postconviction petition—he voluntarily dismissed the appeal. (State's Lodging F-1, F-3.)

After the trial court dismissed Petitioner's second petition for postconviction relief, but before the appeal was dismissed, Petitioner filed a third petition for postconviction relief in state court. (State's Lodging G-1 at 1-38.) The state district court dismissed this third postconviction petition as procedurally improper pursuant to Idaho's successive petitions bar found in Idaho Code § 19-4908, which provides that, without a "sufficient reason," all grounds for postconviction relief must be asserted in an initial postconviction conviction. (*Id*. at 83-87.)

Petitioner appealed the dismissal of his third petition for state postconviction relief. On appeal, Petitioner argued that (1) trial counsel rendered ineffective assistance in failing to request an in camera hearing wherein Dr. Pilling's patient could testify as to what she told Dr. Pilling, (2) direct appeal counsel rendered ineffective assistance in failing to raise a trial ineffectiveness claim on appeal, and (3) the State of Idaho denied him the right to counsel on direct appeal because, in Idaho, initial postconviction counsel's ineffectiveness is not a sufficient reason to file a successive postconviction petition. (State's Lodging H-5.) The Idaho Court of Appeals affirmed, holding that all of Petitioner's claims should have been raised, or in fact were raised, in his initial postconviction petition. (State's Lodging H-7 at 3.) The court also held that the alleged ineffective assistance of Petitioner's initial postconviction counsel was not a sufficient

**MEMORANDUM DECISION AND ORDER - 6**

reason for purposes of the successive petitions bar in § 19-4908, citing *Murphy v. State*,
156 Idaho 591, 596 (2014). (*Id.*)

The Court has construed the instant federal habeas corpus petition as asserting the
following claims:

|  |  |
|---|---|
| Claim A: | Ineffective assistance of trial counsel based on counsel's failure to move for an in camera hearing to allow the judge to interview Dr. Pilling's still-unidentified patient. |
| Claim B: | Ineffective assistance of counsel on direct appeal for failing to raise a trial ineffectiveness claim of failure to move for an in camera hearing with Dr. Pilling's patient. |
| Claim C: | Complete denial of appellate counsel based on the difficulty in raising, on appeal, claims of ineffective assistance of trial counsel.[2] |

(*See* Initial Review Order, Dkt. 5, at 2; Petition, Dkt. 1, at 4-11.)

Respondent now argues that Petitioner's claims are procedurally defaulted and
must be dismissed.

## DISCUSSION

**1.      Summary Dismissal Standard**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily
dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

---

[2]      Although the Petition mentions, in the discussion of Claim C, Petitioner's Sixth Amendment right to present a defense (Dkt. 1 at 6-7), this statement is offered in support of Petitioner's assertions regarding the right to counsel on direct appeal. Thus, it does not appear that Petitioner is asserting an independent claim involving his right to present a defense. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Washington v. Texas*, 388 U.S. 14, 19 (1967).

**MEMORANDUM DECISION AND ORDER - 7**

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[3] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2.      Exhaustion and Procedural Default Standards**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more,

---

[3]      The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.)

**MEMORANDUM DECISION AND ORDER - 8**

does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, the law is clear that a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not sufficiently presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of

**MEMORANDUM DECISION AND ORDER - 9**

federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

### 3.    Petitioner's Claims Are Procedurally Defaulted

The simplest manner in which to resolve the procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings.

None of Petitioner's current claims has been decided on the merits by the Idaho Supreme Court. On direct appeal, Petitioner argued only that his sentence constituted an abuse of discretion. The Idaho Court of Appeals disagreed, and the Idaho Supreme Court denied review. Petitioner's initial and second postconviction petitions were both voluntarily dismissed on appeal. Therefore, none of the claims presented in those two petitions has been exhausted. Because Petitioner can no longer present these claims to the Idaho Supreme Court, all of those claims are procedurally defaulted.

Petitioner did raise all three of his current habeas claims on appeal from the trial court's dismissal of Petitioner's third postconviction petition. However, the Idaho Court of Appeals refused to address the claims on the merits because they were subject to the successive petitions bar contained in Idaho Code § 19-4908—that is, Petitioner was required to raise them in his initial postconviction petition.[4]

---

[4]    The Idaho Court of Appeals also mistakenly stated that Petitioner had, in fact, raised his current claims in his initial petition. (State's Lodging H-7 at 3.) As described above, however, the operative petition in the initial postconviction proceedings did not include a claim of trial ineffectiveness for failure to request an in camera hearing with Dr. Pilling's patient, nor did it include a claim of appellate ineffectiveness for failure to raise that specific trial ineffective claim or a claim of complete denial of appellate counsel—which are the claims Petitioner raised in his third state postconviction petition and the only claims raised in the instant Petition. (*See* State's Lodging C-1 at 242-45.)

**MEMORANDUM DECISION AND ORDER - 10**

This Court has already held that § 19-4908 is an adequate and independent procedural ground. *See, e.g., McCormack v. Baldridge*, No. 1:10-CV-00289-EJL, 2012 WL 4138479, at *5 (D. Idaho Sept. 19, 2012) (unpublished). Therefore, Petitioner's claims—although raised in his third postconviction proceedings—are procedurally defaulted because the Idaho courts declined to address those claims as procedurally barred.

Petitioner argues that his claims are not procedurally defaulted for several reasons. First, Petitioner says that at all times he had a postconviction petition pending in state district court. (Dkt. 13 at 3.) Second, Petitioner argues that the Idaho courts permitted him to file his second and third postconviction petitions and that those petitions "related back" to his initial petition. (*Id*. at 3-5.) Finally, Petitioner asserts that the Idaho Court of Appeals should not have applied *Murphy v. Idaho*, 327 P.3d 365, 371 (Idaho 2014) in Petitioner's third postconviction proceedings, because *Murphy* was decided after Petitioner filed his postconviction petitions and cannot be applied retroactively. (*Id*.)

Petitioner's statement that he always had a postconviction pending in state district court is not relevant to the procedural default issue. The correct procedural way to exhaust his current claims was to raise them in his *initial* state petition and, then, to continue to raise those claims on appeal from that denial—not to file multiple postconviction actions in the district court. Petitioner's decision to voluntarily dismiss his appeal from the trial court's denial of his initial petition does not alter this analysis.

**MEMORANDUM DECISION AND ORDER - 11**

Next, it is of no moment that the Idaho courts allowed the *filing* of multiple petitions. Just because a person files a successive petition does not mean that he is entitled to *relief* on that petition, or even to a merits determination on the claims in that petition. Petitioner has not pointed to anywhere in the record where an Idaho court informed him that he could somehow avoid the successive petitions bar of § 19-4908 by his filing of multiple postconviction petitions. And, the relation-back doctrine applies to amended pleadings in the same action, not to multiple serial actions. *See* Idaho R. Civ. P. 15(c).

Finally, the Court will address Petitioner's argument that the Idaho Court of Appeals should not have applied the holding in *Murphy* to his claims. *Murphy* was not decided when Petitioner filed his postconviction petitions and—at the time of Petitioner's state district court filings—Idaho courts had accepted ineffective assistance of postconviction counsel as a "sufficient reason" for the exception to the successive petitions bar. *Murphy* did redefine the state's exception to the successive petitions bar to exclude initial postconviction counsel's ineffectiveness. However, there is no retroactivity problem with *Murphy* because there is no underlying constitutional right to the effective assistance of postconviction counsel, much less a right to rely on initial postconviction counsel's alleged ineffectiveness to avoid the successive petitions bar in § 19-4908.

Although federal courts now apply an equitable proposition that ineffective assistance of initial postconviction counsel can constitute cause to excuse a failure to

**MEMORANDUM DECISION AND ORDER - 12**

properly exhaust an underlying ineffective assistance claim, the state courts are not required to provide such an exception to their successive petitions bar. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (keeping in place the rule that there is no constitutional right to the effective assistance of state postconviction counsel, yet providing for an equitable exception to procedural default that takes into consideration postconviction counsel's ineffectiveness). Hence, the Idaho Supreme Court's decision to restrict the definition of "sufficient reason" in § 19-4908 does not raise constitutional concern.

For the above reasons, Petitioner's claims are procedurally defaulted.

**4.      Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims**

For the reasons set forth above, Petitioner's claims are procedurally defaulted. However, that conclusion does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court can still hear the merits of the claim *if* the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court. *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**MEMORANDUM DECISION AND ORDER - 13**

A.   *Cause and Prejudice*

    i.   *Martinez v. Ryan* Standards of Law

Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in arguing that the procedural default of his claims should be excused on the basis of cause and prejudice. (Dkt. 15 at 2.) *Martinez* worked a "remarkable" equitable change in the law governing procedurally defaulted ineffective assistance of counsel ("IAC") claims. *Lopez v Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012). Because there is no federal constitutional right to the effective assistance of counsel during state postconviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987), the general rule was—and, for non-IAC claims, still is—that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752; *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland* and noting that *Martinez* applies only to IAC claims).

*Martinez* altered *Coleman*'s long-standing holding that ineffective assistance of postconviction review ("PCR") counsel could not be used to excuse the procedural default of a claim. In effect, *Martinez* created the potential for an exception to the overall ban on new evidence in § 2254 actions previously pronounced in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) (interpreting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)). *Martinez* makes it possible for procedurally-defaulted IAC claims to be heard de novo, with new supporting evidence, on federal habeas corpus review. 132 S. Ct. at 1315; *see also Dickens v. Ryan*, 740 F.3d at 1320 ("We reject any argument that *Pinholster* bars the federal district court's ability to consider Dickens's 'new' IAC claim.

**MEMORANDUM DECISION AND ORDER - 14**

. . . *Pinholster* says nothing about whether a court may consider a 'new' claim, based on 'new' evidence not previously presented to the state courts.").

The *Martinez* exception applies only to IAC claims that are exhausted and procedurally defaulted.

In *Trevino v. Thaler*, the Supreme Court described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. 133 S. Ct. 1911, 1918, 1921 (2013).

> ii.     Petitioner's claims are not substantial

To be entitled to application of the *Martinez* exception, a petitioner must first bring forward facts demonstrating that his procedurally-defaulted IAC claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

**MEMORANDUM DECISION AND ORDER - 15**

Determining whether an IAC claim is substantial requires a federal court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel under *Strickland* must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the reasonableness of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 16**

Strategic decisions, such as the choice of a defense or which witnesses or other evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Id.* at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable. *Id.* at 690-91.

If a petitioner can show that counsel's performance was deficient, the next step in the *Strickland* inquiry is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Therefore, to satisfy the prejudice standard, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id.* As the *Strickland* Court instructed:

> In making [the prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that *the decision reached would reasonably likely have been different absent the errors*.

**MEMORANDUM DECISION AND ORDER - 17**

*Id.* at 695-96 (emphasis). Therefore, if an IAC claim is based on counsel's failure to file a motion, the petitioner must establish a reasonable likelihood that, had counsel filed the motion in question, such a motion would have been granted.

These *Strickland* standards for determining deficient performance and prejudice, are, of course, the standards for an eventual review of the merits of the underlying IAC claim. The question whether an IAC claim is substantial under *Martinez* is not the same as a merits review; rather, it is more akin to a preliminary review of a *Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, a court may conclude that a claim is substantial when a petitioner has shown that resolution of the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted).

Thus, to determine whether a claim is substantial, *Martinez* requires the district court to *review* (but not *determine*) whether trial or appellate counsel's acts or omissions resulted in deficient performance and in a reasonable probability of prejudice, and to *determine* only whether resolution of the merits of the IAC claim would be debatable among jurists of reason and whether the issues are deserving enough to encourage further pursuit of them. *See Smith v. Ryan*, ___ F.3d ___, No. 14-99008, 2016 WL 3034147, at *20 (9th Cir. May 26, 2016) ("[T]o assess whether [the petitioner] has satisfied the first prong required to excuse his procedural default under *Dickens* [and *Martinez*, 132 S. Ct.

**MEMORANDUM DECISION AND ORDER - 18**

at 1318], we conduct a *preliminary assessment* of his underlying claim.") (emphasis added).

>   a)   *Claim A: Ineffective assistance of trial counsel based on counsel's failure to move for an in camera hearing to allow the judge to interview Dr. Pilling's still-unidentified patient.*

Claim A asserts that Petitioner's trial counsel rendered ineffective assistance in failing to request that the trial judge hold an in camera hearing with Dr. Pilling's patient before granting Dr. Pilling's motion to quash and prohibiting the disclosure of the patient's identity. For the reasons that follow, this claim is insubstantial.

Petitioner's trial counsel subpoenaed Dr. Pilling in an effort to discover the identity of the witness. Counsel also offered extensive argument, in opposition to Dr. Pilling's motion to quash, as to why the doctor should be required to divulge the identity of the patient who made statements about her unidentified friend. (State's Lodging A-3 at 34-50.) When the trial court granted Dr. Pilling's motion to quash, it rejected defense counsel's argument that Dr. Pilling must be required to identify his patient.

Because the trial court had already granted the motion to quash and determined that the patient's identity should not be disclosed—after counsel had performed reasonably in arguing to the contrary—it was not deficient performance to forego continued argument upon the point or to request a hearing with the patient. Such a hearing would be impossible without Dr. Pilling's identification of his patient, and the court had already determined that he could not be forced to identify her. Thus, the argument that trial counsel performed deficiently in failing to request the hearing is not substantial. For the same reason, any argument that trial counsel's failure to file a motion

**MEMORANDUM DECISION AND ORDER - 19**

for an in camera hearing prejudiced Petitioner is insubstantial. The trial court had already

determined that Dr. Pilling need not divulge the patient's identity; accordingly, there is

no merit to the argument that it is reasonably likely that a motion for an in camera

hearing would have been successful.

      For these reasons, Claim A is insubstantial.

           b)     *Claim B: Ineffective assistance of counsel on direct appeal for failing to raise a trial ineffectiveness claim of failure to request an in camera hearing with Dr. Pilling's patient*

      Claim B asserts that direct appeal counsel was ineffective in failing to argue, on

appeal, that his trial counsel was ineffective for failing to request an in camera hearing.

However, this claim is not substantial because the Idaho courts generally do not address

IAC claims on direct appeal. Instead, the post-conviction setting is the first forum in

which an IAC claim based on matters arising outside the record could have been brought

and developed is an evidentiary hearing. *See Matthews v. State*, 839 P.2d 1215, 1220

(Idaho 1992) (recognizing that in Idaho the post-conviction setting is the "preferred

forum for bringing claims of ineffective assistance of counsel," though in limited

instances such claims may be brought on direct appeal "on purported errors that arose

during the trial, as shown on the record").

      Because the Idaho appellate courts generally require IAC claims to be raised in

postconviction hearings rather than on direct appeal, Petitioner's direct appeal counsel

did not perform deficiently in failing to raise a trial IAC claim. Any argument to the

contrary is without merit and, therefore, insubstantial.

**MEMORANDUM DECISION AND ORDER - 20**

c)    *Claim C: Complete denial of appellate counsel based on the difficulty in raising, on appeal, a claim of ineffective assistance of trial counsel*

Claim C alleges that Petitioner was denied the assistance of counsel on direct appeal because Idaho appellate courts normally require IAC claims to be raised in postconviction proceedings, rather than on direct appeal. In effect, Petitioner is arguing that because he is not entitled to counsel during the first opportunity he has to raise an IAC claim—during postconviction proceedings—he has been completely denied direct appeal counsel.

All criminal defendants have a Sixth Amendment right to counsel at all critical stages of his trial. *United States v. Cronic*, 466 U.S. 648, 659 (1984). Further, if a state provides for an appeal process, the defendant may not leave that defendant "completely without representation during the appellate court's actual decisional process." *Penson v. Ohio*, 488 U.S. 75, 88 (1988). Moreover, a petitioner may obtain relief if there was an irreconcilable breakdown of communication between him and his counsel such that the attorney-client relationship broke down; such a breakdown results in the complete denial of counsel. *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998).

Claim B is insubstantial because Petitioner clearly *was* afforded counsel on direct appeal, and Petitioner has not offered any evidence that the failure of that counsel to bring a trial IAC claim resulted from an irreconcilable breakdown in communication between him and his direct appeal counsel. That such counsel did not raise all of the issues Petitioner requested does not result in a complete denial of counsel.

**MEMORANDUM DECISION AND ORDER - 21**

d)      *Conclusion re: Substantiality*

All of Petitioner's claims are insubstantial, and *Martinez v. Ryan* thus does not apply to excuse the default of those claims. Because the Court has determined that Petitioner's claims are not substantial under the first *Martinez* prong, it need not consider whether Petitioner's initial postconviction counsel rendered ineffective assistance under the second *Martinez* prong.

**B.      *Actual Innocence:* Schlup v. Delo**

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely stringent standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact,

**MEMORANDUM DECISION AND ORDER - 22**

and '[i]t is not the district court's independent judgment as to whether reasonable doubt

exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting

*Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a

probabilistic determination about what reasonable, properly instructed jurors would do."

*Schlup*, 513 U.S. at 329.

Petitioner has not met this exceptionally strict standard. Indeed, he has not

submitted any convincing evidence of innocence at all. Therefore, the *Schlup* actual-

innocence exception does not apply to excuse the procedural default of Petitioner's

habeas claims.

**5.     Alternative Merits Ruling**

If the state appellate court did not decide a properly-asserted claim on the merits,

then the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d

1160, 1167 (9th Cir. 2002).

Even if Petitioner's claims were not procedurally defaulted, or even if the

procedural default were excused on the basis of cause and prejudice or actual innocence,

Claims A through C fail on the merits. The Court has already concluded that none of

Petitioner's claims have any merit, for purposes of a *Martinez* analysis. Therefore, all of

these claims also fail on de novo review.

ORDER

**IT IS ORDERED:**

1.       Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and

         the Petition (Dkt. 1) is DISMISSED with prejudice.

**MEMORANDUM DECISION AND ORDER - 23**

2.     The Court does not find its resolution of this habeas matter to be reasonably

debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.  If

Petitioner intends to appeal, he must file a timely notice of appeal with the

Clerk of Court. Petitioner may seek a certificate of appealability from the

Ninth Circuit by filing a request in that court.



DATED:  **August 8, 2016**

_____
Honorable Ronald E. Bush
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 24**